IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

| | |
|---|---|
| WILLIAM HOLLY, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) CAUSE NO. 3:13-CV-1065 |
| | ) |
| MARK SEVIER, *et al.*, | ) |
| | ) |
| Defendant. | ) |

**OPINION AND ORDER**

William Holly, a *pro se* prisoner, filed a complaint on October 1, 2013, attempting to sue various defendants for the value of his lost property. For the reasons set forth below, this case is **DISMISSED** pursuant to 28 U.S.C. § 1915A because it is legally frivolous and fails to state a claim for which relief can be granted.

BACKGROUND

The papers filed by Holly are at first confusing, but upon examination it is clear what he is trying to do. He begins by using a habeas corpus form intended for challenging state court convictions, but he is not attempting to challenge his conviction. Rather he is challenging a Marion Small Claims Court judgment dismissing that case on January 18, 2012. *See Holly v. Sevier*, 49K01-1109-SC-9282. Holly writes that the "clerk won't transfer case." (DE #1 at 2.)

Next, Holly attaches pages from this court's Civil Rights Complaint form. Here he lists five defendants and explains that in the Marion Small Claims Court he sued for $581.15 for the loss of his property by employees of the Indiana Department of Correction. He also sought $5,000 in punitive damages, but his case was dismissed. Holly argues that the defendants' motion to dismiss was perjury and that the state court's have refused his efforts to appeal. Finally, he attaches various paperwork from the Marion Small Claims Court proceeding.

DISCUSSION

"A document filed pro se is to be liberally construed, and a pro se complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (quotation marks and citations omitted). Nevertheless, the court must review prisoner complaints pursuant to 28 U.S.C. § 1915A.

There are several reasons why this complaint must be dismissed. To the extent that Holly is asking this court to re-litigate the claims that were dismissed by the Marion Small Claims court, any claims that were (or could have been) raised in that prior action are barred the doctrine of *res judicata*. *See Highway J Citizens Group v. U.S. Dep't Transp.*, 456 F.3d 734, 741 (7th Cir. 2006).

> A fundamental precept of common-law adjudication, embodied in the related doctrines of collateral estoppel and *res judicata*, is that a right, question or fact distinctly put in issue and directly determined by a court of competent jurisdiction cannot be disputed in a subsequent suit between the same parties or their privies. Under *res judicata*, a final judgment on the merits bars further claims by parties or their privies based on the same cause of action.

*Ross v. Bd. of Educ.*, 486 F.3d 279, 282 (7th Cir. 2007) (quotation marks, ellipsis and citations omitted) (quoting *Montana v. United States*, 440 U.S. 147, 153 (1979)).

To the extent that Holly is attempting to have this Court review the judgment of the Marion Small Claims Court, his claims are barred by the *Rooker-Feldman* doctrine. *See District of Columbia Court of Appeals v. Feldman*, 460 U.S. 462 (1983); *Rooker v. Fidelity Trust Co.*, 263 U.S. 413 (1923 ). Simply put, the *Rooker-Feldman* doctrine "precludes lower federal court jurisdiction over claims seeking review of state court judgments or over claims 'inextricably intertwined' with state court judgments." *Remer v. Burlington Area Sch. Dist.*, 205 F.3d 990, 996 (7th Cir. 2000).

To the extent that Holly is arguing that his notice of appeal was rejected by the state courts, such a claim would also have to be dismissed. Putting aside that this federal court would not be the correct venue for challenging events which occurred in Marion County (which is located in the geographical boundaries of the United States District Court for the Southern District of Indiana), the paperwork that Holly identifies as a notice of appeal is merely

a request for a docket sheet. (*See* DE #1-1 at 20.) Additionally, none of the named defendants are employees of the state courts, and it is not plausible that they were involved in failing to transfer the record despite Holly's assertion that they are "like an organized crime family." (DE #1 at 14.) *See Cooney v. Rossiter*, 583 F.3d 967, 970-71 (7th Cir. 2009) (Allegations of a vast conspiracy must meet a high standard of plausibility and a bare allegation of a conspiracy does not state a claim.)

Moreover, even if Holly had not already litigated this claim in state court, it would nevertheless still be dismissed because though the Fourteenth Amendment provides that state officials shall not "deprive any person of life, liberty, or property, without due process of law," a state tort claims act that provides a method by which a person can seek reimbursement for the negligent loss or intentional depravation of property meets the requirements of the due process clause by providing due process of law. *Hudson v. Palmer*, 468 U.S. 517, 533 (1984) ("For intentional, as for negligent deprivations of property by state employees, the state's action is not complete until and unless it provides or refuses to provide a suitable post deprivation remedy.") Indiana's tort claims act (INDIANA CODE § 34-13-3-1 *et seq*.) and other laws provide for state judicial review of property losses caused by government employees and provide an adequate post-deprivation remedy to redress state officials' accidental or intentional deprivation of

a person's property. *See Wynn v. Southward*, 251 F.3d 588, 593 (7th Cir. 2001) ("Wynn has an adequate post-deprivation remedy in the Indiana Tort Claims Act, and no more process was due.") To the extent that Holly might argue that preventing him from appealing deprived him of a suitable remedy, it did not because Indiana also provides a means of compelling the processing of his appeal.

> An action for mandate may be prosecuted against any inferior tribunal, corporation, public or corporate officer, or person to compel the performance of any:
>   (1) act that the law specifically requires; or
>   (2) duty resulting from any office, trust, or station.

INDIANA CODE § 34-27-3-1. *See also Bramley v. Tipton Circuit Court*, 835 N.E. 2d 479 (Ind. 2005).

Finally, even if Indiana did not provide an adequate post-deprivation remedy, this claim is untimely. Though Holly argues that he did not immediately learn of the loss of his property and that it was not until 2011 that he knew it was gone, he must have known of its absence when he filed a Tort Claim Notice on June 2, 2010. "Indiana's two-year statute of limitations . . . is applicable to all causes of action brought in Indiana under 42 U.S.C. § 1983." *Snodderly v. R.U.F.F. Drug Enforcement Task Force*, 239 F.3d 892, 894 (7th Cir. 2001). Thus, even if he learned of the loss on the same day that he filed his Tort Claim Notice, the statute of limitations for these claims expired more than a year ago.

CONCLUSION

For the reasons set forth above, this case is **DISMISSED** pursuant to 28 U.S.C. § 1915A because it is legally frivolous and fails to state a claim for which relief can be granted.

**DATED: October 24, 2013**               /s/RUDY LOZANO, Judge
                                          **United State District Court**